**Clara T. CLELAND, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 92–3404.

United States Court of Appeals, Federal Circuit.

Jan. 28, 1993.

---

Donald K. Speckhard, Alexander, Ralston, Speckhard & Speckhard, Greensboro, NC, for petitioner.

Thomas P. McLish, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, DC, for respondent. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and James M. Kinsella, Asst. Director. Also on the brief were James S. Green, Acting Gen. Counsel and Murray M. Meeker, Atty., Office of Gen. Counsel, Office of Personnel Management, of counsel.

Before NIES, Chief Judge, BENNETT, Senior Circuit Judge, and CLEVENGER, Circuit Judge.

## DECISION

BENNETT, Senior Circuit Judge.

Petitioner, Clara T. Cleland (Cleland), seeks review of the February 19, 1991 decision of the administrative judge (AJ), made final by the Merit Systems Protection Board (board) in a decision dated April 1, 1992, 53 M.S.P.R. 425, holding that Cleland was not eligible to recover survivor benefits for her two minor grandchildren based upon the federal service of William Cleland, her deceased husband. This court affirms.

## BACKGROUND

The facts of this case are not in dispute. Petitioner was married to William Cleland, a former federal worker. On January 18, 1980, petitioner's daughter, Alisa Cleland Curtis, died, leaving behind her husband, Arthur Curtis, and their two minor children, Amanda Curtis and Christopher Curtis. Arthur Curtis abandoned his two children and they were eventually placed in the custody of their Cleland grandparents by a Florida state court. On March 31, 1989, William Cleland passed away. Petitioner receives an annuity as his widow but challenges the decision of the Office of Personnel Management, affirmed by the AJ, denying survivor annuities for the two grandchildren also based upon William Cleland's federal service under the Civil Service Retirement System. The AJ's decision became the final decision of the Merit Systems Protection Board when the board denied review on April 1, 1992.

This court affirms board decisions unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).

Under 5 U.S.C. § 8341(e)(2), a federal worker's minor dependent child may be eli-

gible to receive a survivorship annuity under the Civil Service Retirement System. The statutory definition of "child" includes "an adopted child," and the statute can be satisfied if a petition for adoption was filed by the federal worker prior to his or her death and if the "child" is adopted by the surviving spouse. 5 U.S.C. § 8341(a)(4). In this instance, however, there is no evidence in the record to indicate that William Cleland had adopted Amanda Curtis and/or Christopher Curtis, or that William Cleland filed a petition for their adoption prior to his death.

Petitioner argues that under North Carolina state law the grandparents, in fact, were *in loco parentis* with the grandchildren who therefore should be deemed his "children." The court can understand and sympathize with this view but it cannot extend this statute to cover these grandchildren as requested. When Congress wishes to include grandchildren within the meaning of "child" for purposes of a statute it knows how to do so. *See, e.g.,* 42 U.S.C. § 416(e) (1988). Federal law rather than state law determines who is a child for purposes of the Civil Service Retirement System. Although federal law has generally limited applicability in the field of domestic relations, the Supreme Court has not been reluctant to protect, under the Supremacy Clause, rights established by federal law against state law and to preserve congressional policy embodied in federal law. *Cf. Metropolitan Life Ins. Co. v. Christ,* 979 F.2d 575 (7th Cir.1992) (state divorce decree must cede to conflicting federal law); *Ridgway v. Ridgway,* 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981) (same). Here the definition of "child" in federal law preempts state law even assuming that the grandparents had the same duties of care and support as apply to adoptive parents. *See Money v. Office of Personnel Management,* 811 F.2d 1474, 1478 (Fed.Cir.1987); *Roebling v. Office of Personnel Management,* 788 F.2d 1544, 1548 (Fed.Cir.1986). We cannot amend the statute. Only Congress has that authority. Petitioner's position is contrary to the statute which governs in this matter and is contrary to the administrative interpretation consistent with the statute. Petitioner's claim that the statute and the MSPB decision violate constitutional due process and equal protection is without merit.

In view of petitioner's failure to present evidence to demonstrate eligibility under the Civil Service Retirement System, the board's decision is affirmed.

AFFIRMED.