22 F.3d 1105
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Angelo C. MONTANO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3378.
 United States Court of Appeals, Federal Circuit.
 March 24, 1994.
 
 Before RICH and SCHALL, Circuit Judges, and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 Angelo C. Montano petitions for review of the December 29, 1992 initial decision of the Administrative Judge (AJ), Merit Systems Protection Board (Board) Docket No. PH0831920637-I-1, which dismissed as untimely filed Mr. Montano's appeal of the June 14, 1989 reconsideration decision of the Office of Personnel Management (OPM), denying his application for retirement annuity benefits under the Civil Service Retirement System (CSRS). The AJ's decision became the final decision of the Board on May 3, 1993, when the Board denied review of the AJ's decision. We affirm.
 
 DISCUSSION
 
 2
 Mr. Montano served sporadically in various positions with the U.S. Naval Supply Depot in Subic Bay, Philippines, from August 17, 1965, until his retirement from federal service on October 14, 1988. On January 16, 1989, Mr. Montano filed an application with OPM for retirement annuity benefits under the CSRS. OPM denied Mr. Montano's application for benefits, initially on April 15, 1989, and again in a reconsideration decision dated June 14, 1989, on the ground that he had never served in a position subject to the Civil Service Retirement Act. In its reconsideration decision, OPM clearly informed Mr. Montano that there was a twenty-five day time limit for filing an appeal with the Board. OPM also provided Mr. Montano with instructions for filing such an appeal. Mr. Montano did not appeal OPM's final decision to the Board, however, until September 9, 1992--more than three years after the twenty-five day time limit for doing so had expired.
 
 
 3
 Upon receipt of the untimely appeal, the AJ informed Mr. Montano in an order dated September 10, 1992, that he had fifteen days to submit evidence and arguments showing good cause to waive the time limit. Mr. Montano failed to respond to that order. After OPM had moved for dismissal on the basis of the untimeliness of the appeal, the AJ issued yet another order, dated October 6, 1992, specifically advising Mr. Montano that (i) his appeal was untimely filed, (ii) he had the burden of proving good cause to excuse its tardiness, and (iii) if he failed to respond by October 22, 1992, his appeal would be dismissed as untimely filed. On October 15, 1992, Mr. Montano responded in a letter that his appeal to the Board was untimely filed because (i) he had received OPM's final decision about two months after its June 14, 1989 issuance date, (ii) he "did not know what to do," (iii) his efforts to obtain legal counsel were unsuccessful due to a lack of money, and (iv) although he attempted to prepare an appeal himself, he was unable to file the appeal, due to the great distance between the Philippines and the United States, until after he had emigrated to the United States and became a naturalized citizen. The AJ considered these arguments but did not find them persuasive. Rather, the AJ noted that Mr. Montano alleged neither that he was incapacitated during the period after which he received OPM's reconsideration decision, nor that he was otherwise unable, due to circumstances beyond his control, to file a timely appeal. Consequently, because the AJ determined that Mr. Montano had failed to exercise due diligence or ordinary prudence in pursuing his appeal, he dismissed the appeal as untimely filed.
 
 
 4
 This court's standard of review of Board decisions is narrowly defined by statute. We must affirm unless the Board's decision is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); Cleland v. Office of Personnel Management, 984 F.2d 1193, 1194 (Fed.Cir.1993). Mr. Montano argues that the AJ erred by dismissing his appeal solely on the "technicality" of its untimeliness and by failing to consider favorably the merits of his claim in view of his twenty-three years of federal service, his commendations from commanding officers, and other equitable factors weighing in his favor. However, this court's review is limited to the narrow issue of whether the AJ erred in dismissing Mr. Montano's appeal for untimeliness, Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986), and therefore we may address neither Mr. Montano's underlying claim to retirement annuity benefits, nor the equitable grounds he advances.
 
 
 5
 As to the untimeliness issue, the Board has broad discretion in deciding whether or not to waive the time limit for filing an appeal, and this court will not substitute its own judgment for that of the Board. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc ). In his petition, Mr. Montano has set forth no grounds as to why the AJ's dismissal of his appeal should be deemed an abuse of discretion. Accordingly, we cannot say that the AJ erred in dismissing Mr. Montano's appeal for untimeliness.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation