**Clifford W. JONES, Sr., Petitioner,**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 01–3153.

United States Court of Appeals, Federal Circuit.

Aug. 8, 2001.

Before RADER, BRYSON, and DYK, Circuit Judges.

PER CURIAM.

Clifford W. Jones, Sr., petitions for review of the December 14, 2000, final order of the Merit Systems Protection Board (Board), No. DE–0432–99–0348–I–1, 87 M.S.P.R. 530 upholding the Department of Health and Human Services' (agency's) removal of Mr. Jones from employment. Because Mr. Jones has not demonstrated that the Board erred in upholding the agency's action, this court *affirms*.

### I.

The agency hired Mr. Jones as a Budget Analyst on November 23, 1997. Mr. Jones' employment with the agency was subject to an appraisal period from January 1, 1998 through December 31, 1998, based on a performance plan and standards. In July 1998, Mr. Jones' supervisor notified Mr. Jones in writing that his performance was unacceptable in five critical elements of his performance standards. This notification also informed Mr. Jones that he had to reach an acceptable level of performance within ninety days. On February 3, 1999, the agency issued a notice of proposed removal to Mr. Jones based on his continued unacceptable performance. On February 23, 1999, the agency removed Mr. Jones.

Mr. Jones filed a complaint under 5 U.S.C. § 2302(b)(8) with the Office of Special Counsel, alleging that the agency removed him as a reprisal for his whistleblowing activities. On July 13, 1999, the Special Counsel notified Mr. Jones that it was closing his file. The Special Counsel found that Mr. Jones did not show any nexus between his alleged whistleblowing activities and his removal. The Special Counsel, therefore, concluded that the agency had not violated the whistleblowing statute.

Mr. Jones appealed to the Board. In his appeal, Mr. Jones faulted the agency's procedure. Mr. Jones further claimed that the agency removed him in retaliation for whistleblowing. Finally, Mr. Jones asserted that his removal was based on prohibited discrimination.

The administrative judge found that the agency had met its burden of proof with regard to Mr. Jones' performance issues, that Mr. Jones' claim of procedural error was without merit, and that the agency would have removed Mr. Jones in the absence of his § 2302(b)(8) protected disclosures. The administrative judge also concluded that Mr. Jones did not show any prohibited discrimination underlying the agency's removal decision. Mr. Jones petitioned the full Board for review. The Board dismissed his appeal for failure to meet the criteria for review under 5 C.F.R. § 1201.115.

### II.

This court has limited review of Board decisions. This court affirms a Board decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5

U.S.C. § 7703(c); *Cleland v. Office of Pers. Mgmt.*, 984 F.2d 1193, 1194 (Fed.Cir.1993). In reviewing the present appeal, this court's function is to determine whether the Board's findings are supported by substantial evidence; this court does not review the facts afresh. *Bevans v. Office of Pers. Mgmt.*, 900 F.2d 1558, 1565 (Fed.Cir. 1990).

On appeal to this court, Mr. Jones alleges the Board did not consider the agency's retaliation to his whistleblowing activities as the reason for his removal. The administrative judge fully evaluated evidence of Mr. Jones' performance and found that Mr. Jones was performing at an unacceptable level in at least two of his critical elements. The administrative judge thus properly concluded that the agency would have removed Mr. Jones absent any protected disclosures. *Clark v. Dep't of Army*, 997 F.2d 1466, 1469–1470 (Fed.Cir. 1993) (agency can refute allegation of reprisal for whistleblowing activities by proving by clear and convincing evidence that it would have taken the same personnel action in the absence of any protected disclosure).

Mr. Jones further alleges that before he was employed by the agency, he had a break in Federal service of greater than one day. According to Mr. Jones, this break in service precludes the Board from removing him under 5 U.S.C. chapter 43 or 5 C.F.R. part 432. To support this allegation, Mr. Jones cites to 5 C.F.R. § 432.102(b)(3) which states that removals under chapter 43 and part 432 do not apply to "an employee in the competitive service ... who has not completed 1 year of current continuous employment in the same or similar position." The record, however, clearly establishes that Mr. Jones had worked for the agency for more than one year before the agency removed him.

This court has considered Mr. Jones' remaining assertions and finds them to be equally without merit.