Thomas G. WILKIN, II, Petitioner,

v.

**DEPARTMENT OF THE
ARMY, Respondent.**

No. 03–3230.

United States Court of Appeals,
Federal Circuit.

Nov. 5, 2003.

Before RADER, Circuit Judge,
ARCHER, Senior Circuit Judge, and
GAJARSA, Circuit Judge.

RADER, Circuit Judge.

The Merit Systems Protection Board
(Board) dismissed Mr. Thomas G. Wilkin's
individual right of action (IRA) appeal,
which had been filed against the Depart-
ment of the Army (Army) under 5 U.S.C.
§ 2302(b)(8), for lack of jurisdiction. *Wil-
kin v. Dep't of Army,* No. AT–1221–03–

0329–W–1 (MSPB Apr. 15, 2003). Because this court finds no error in the Board's determination that Mr. Wilkin did not make a nonfrivolous allegation that he engaged in whistleblowing activity, this court *affirms.*

## I.

On June 18, 2002, Mr. Wilkin's first-line supervisor, David C. Allen, issued a Notice of Proposed Suspension for failure to follow instructions and proper investigative procedures. The charges arose from alleged misconduct during an administrative investigation. The supervisor proposed a suspension that would last five days. Mr. Allen informed Mr. Wilson that a response should be submitted to Col. Douglas Watson, who was the deciding official for the Army. On June 19, 2002, Mr. Wilkin communicated to Col. Watson that he, not Mr. Allen, was his immediate supervisor at the time of the conduct in question. Mr. Wilkin further stated that, under Army Regulation 690–400 and Chapter 43 of the United States Code, Mr. Allen was not authorized to take disciplinary action against Mr. Wilkin. In this initial response, Mr. Wilkin did not address the merits of the charges. On June 20, 2002, Mr. Wilkin submitted a second response, which, as Col. Watson understood it, requested that Col. Watson should not serve as the deciding official. Apparently agreeing, Col. Watson replaced Mr. Allen as the proposing official, and the Deputy Commander, Col. Daniel Quinn, replaced Col. Watson as the deciding official. Col. Watson then proposed a fourteen-day suspension under Army Regulation 690–700 rather than the initially proposed five-day suspension. Ultimately, Col. Quinn issued a decision on July 10, 2002, suspending Mr. Wilkin for seven days.

Mr. Wilkin contests this suspension on the grounds that the sole justification for the increase in the proposed suspension was his disclosure that the initial proposal violated an Army Regulation. The Board rejected Mr. Wilkin's contentions. This court has jurisdiction under 28 U.S.C. § 1295(a)(9) (2000).

## II.

The scope of this court's review is delineated by statute. This court must affirm the decision of the Board, unless it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.

5 U.S.C. § 7703(c) (2000); *Cleland v. Office of Pers. Mgmt.*, 984 F.2d 1193, 1194 (Fed.Cir.1993). Moreover, this court may only review the record before the Board. *Rockwell v. Dep't of Transp.*, 789 F.2d 908, 913 (Fed.Cir.1986). ("Congress expressly limited our appellate review, 5 U.S.C. § 7703(c), to final orders and decisions of the board on the record"). "This court has held that the Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies ... and makes 'nonfrivolous allegations' that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)." *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed.Cir.2001).

At the outset, this court rejects Mr. Wilkin's contention that the administrative judge confused the question of jurisdiction

with merits. *See Spencer v. Dep't of Navy,* 327 F.3d 1354, 1356 (Fed.Cir.2003). The administrative judge correctly dismissed the appeal on the threshold determination of jurisdiction and, thus, properly did not reach the merits of Mr. Wilkin's claim. This appeal turns on whether Mr. Wilkin made a nonfrivolous allegation that he engaged in whistleblowing activity by making a protected disclosure, and if so, whether that disclosure was a contributing factor in the suspension.

■ With respect to the first step, Mr. Wilkin argues that there are two reasons that he made a protected disclosure. First, his normal duties did not include making the alleged disclosure which he allegedly made to a person who was in a position to remedy the violation. Second, he disclosed the violation of a regulation. With respect to the first reason, this court agrees with the Army that Mr. Wilkin's alleged disclosure was little more than a disagreement with his supervisor, Col. Watson. Accordingly, the alleged disclo-

sure does not qualify for protection. *Huffman v. Office of Pers. Mgmt.,* 263 F.3d 1341, 1348–49 (Fed.Cir.2001). With respect to the second reason, this court also agrees with the Army that the administrative judge did not miscomprehend the law. While both Chapters 43 and 75 authorize sanctions for performance-based conduct, suspensions are not authorized under Chapter 43. *Lovshin v. Dep't of Navy,* 767 F.2d 826, 834 (Fed.Cir.1985). Because this court finds neither of Mr. Wilkin's arguments that he engaged in whistleblowing activity to be persuasive, this court does not need to address whether Mr. Wilkin's alleged disclosures were a contributing factor in the suspension.