**Christine G. MOSKOWITZ, Petitioner,**

v.

**DEPARTMENT OF THE TREASURY, Respondent.**

**No. 03–3097.**

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 6, 2003.

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.

PER CURIAM.

The Merit Systems Protection Board (Board) affirmed Ms. Christine G. Moskowitz's suspension from the Internal Revenue Service (IRS) and dismissed her claim of constructive discharge. *Moskowitz v. Dep't of Treasury*, No. AT–0752–02–0207–I–1 (MSPB Sept. 12, 2003 & Oct. 17, 2003). Because this court finds no error in the Board's determinations, this court *affirms*.

## I.

From 1992 to 1999, Ms. Moskowitz served as a paralegal for the IRS in Atlanta, Georgia, where her immediate supervisor was Donald Williamson, Jr. Mr. Williamson proposed to suspend Ms. Moskowitz for thirty days for various charges. The four charges included: (1) failing to obtain approval to engage in outside employment or business activities; (2) making misleading statements to Mr. Williamson; (3) failing to follow Mr. Williamson's directions; and (4) failing to timely pay her federal income taxes. The Regional Counsel for the Southeast Region sustained these charges and suspended Ms. Moskowitz for thirty days effective March 30, 1999. She was scheduled to return to duty on Thursday, April 29, 1999. Instead, she returned to duty on May 3, 1999, and submitted her resignation effective April 30, 1999.

## II.

The scope of this court's review is delineated by statute. This court must affirm the decision of the Board, unless it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.

5 U.S.C. § 7703(c) (2000); *Farrell v. Dep't of interior*, 314 F.3d 584, 589 (Fed.Cir. 2002); *Cleland v. Office of Pers. Mgmt.*, 984 F.2d 1193, 1194 (Fed.Cir.1993). Credibility determinations are "virtually unreviewable" by this court. *Hambsch v. Dep't of Treasury*, 796 F.2d 430, 436 (Fed.Cir. 1986). Moreover, this court reviews only the record before the Board. *Rockwell v. Dep't of Transp.*, 789 F.2d 908, 913 (Fed. Cir.1986) ("Congress expressly limited our appellate review, 5 U.S.C. § 7703(c), to final orders and decisions of the board on the record."). Substantial evidence is "[t]he degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree." 5 C.F.R. § 1201.56(c)(1). Before this court, Ms. Moskowitz seeks reversal of the Board's decision because it allegedly failed to consider the totality of the circumstances surrounding her resignation and failed to resolve conflicts in the evidence.

█ This court finds that Ms. Moskowitz has not shown that the Board erred in affirming the administrative judge's initial decision. First, the administrative judge correctly determined that Ms. Moskowitz did not obtain prior approval to engage in outside employment. She does not address her failure to obtain prior approval to engage in outside employment, even though she was aware of such a require-

ment. Second, the administrative judge correctly found that Ms. Moskowitz made misleading statements to her supervisor. She does not attempt to address this charge. Third, the administrative judge correctly determined that she did not receive authorization in advance for using an electronic database for legal research. She similarly does not address this charge, with the exception of allegations that her actions were a result of harassment. Fourth, the administrative judge correctly determined that she did not pay her federal income taxes on time, instead electing to pay them on an installment plan. Ms. Moskowitz argues that the IRS may not impose any obligation on its employees with respect to payment of taxes. This court disagrees, because the failure to pay taxes timely may give rise to sanctions, such as in this case. *See Gibbs v. Dep't of Treasury*, 21 M.S.P.R. 646, 648 (1984). Thus, Ms. Moskowitz has not shown reversible error in the Board's affirmance.

■ With respect to the constructive discharge claim, Ms. Moskowitz argues that the IRS coerced her resignation. "Resignations are presumed voluntary, and the burden of showing that the resignation was involuntary is on the petitioner. In order to overcome the presumption that a resignation or retirement was voluntary, an employee must show: (1) that the resignation or retirement was the product of misinformation or deception by the agency or (2) that the resignation or retirement was the product of coercion by the agency." *Terban v. Dep't of Energy*, 216 F.3d 1021, 1024 (Fed.Cir.2000). Particularly relevant to this case, the court has stated:

> As these examples make clear, the doctrine of coercive involuntariness is a narrow one. It does not apply to a case in which an employee decides to resign or retire because he does not want to accept a new assignment, a transfer, or other measures that the agency is au-

thorized to adopt, even if those measures make continuation in the job so unpleasant for the employee that he feels that he has no realistic option but to leave. As this court has explained, the fact that an employee is faced with an unpleasant situation or that his choice is limited to two unattractive options does not make the employee's decision any less voluntary.

*Staats v. United States Postal Serv.*, 99 F.3d 1120, 1124 (Fed.Cir.1996). Furthermore, "the most probative evidence of involuntariness will usually be evidence in which there is a relatively short period of time between the employer's allegedly coercive acts and the employee's retirement." *Terban*, 216 F.3d at 1024.

Reviewing the Board's decision, this court comes to the conclusion that the administrative judge applied the correct law and considered the totality of circumstances in rejecting Ms. Moskowitz's claim. These circumstances included allegations of a hostile work environment. The administrative judge also considered the various accounts of the day of Ms. Moskowitz's resignation, including her own. To the extent the administrative judge discredited Ms. Moskowitz's version of the events leading up to her resignation, he was entitled to do so. *See Hambsch*, 796 F.2d at 436. Furthermore, the administrative judge recognized that resignation was not unreasonable under the circumstances; but found no evidence that Ms. Moskowitz's resignation was anything but deliberate and voluntary. Thus, Ms. Moskowitz has shown no reversible error in the Board's affirmance.

This court has considered the rest of Ms. Moskowitz's arguments but has found none persuasive.