**Robert A. COLBERT, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

**No. 03–3050.**

United States Court of Appeals, Federal Circuit.

Dec. 3, 2003.

Before RADER, Circuit Judge, ARCHER, Senior Circuit Judge, and BRYSON, Circuit Judge.

PER CURIAM.

The Merit Systems Protection Board (Board) sustained Robert A. Colbert's dismissal from the United States Postal Service, finding that the penalty imposed for physically striking his supervisor to be reasonable. *Colbert v. United States Postal Service*, No. CH–0752–01–0624–I–1 (MSPB Jan. 10, 2002 & Oct. 11, 2003). Because this court finds no error in the Board's determination, this court *affirms.*

## BACKGROUND

The Postal Service employed Mr. Colbert as a city letter carrier at the Circle City Station in Indianapolis, Indiana. On August 21, 2000, he requested assistance from his supervisor, Dennis Barlow, who denied the request and ordered Mr. Colbert to continue casing his mail in preparation for the day. This sequence of events resulted in a meeting between Mr. Barlow, Mr. Colbert, and Mr. Colbert's union steward, Randy Stevens.

After the meeting concluded, Mr. Stevens was the first to exit the room. As Mr. Colbert and Mr. Barlow followed, Mr. Colbert made contact with Mr. Barlow, who then struck the doorframe as a result. Although Mr. Stevens did not hear or see the collision, two disinterested witnesses observed Mr. Colbert striking Mr. Barlow. An investigation ensued, and a postal inspector prepared a report, which was provided to Mr. Colbert as well as postal management. Although provided an opportunity to address or refute the factual allegations in that report, Mr. Colbert did not do so. Ultimately, the Postal Service removed Mr. Colbert effective November 19, 2000, for the unacceptable conduct of physically striking a supervisor.

On August 21, 2001, Mr. Colbert appealed his removal to the Board, asserting that he did not strike Mr. Barlow. The Board found sufficient evidence to show that Mr. Colbert struck Mr. Barlow and that the penalty was reasonable.

## DISCUSSION

This court must affirm the decision of the Board, unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Cleland v. Office of Pers. Mgmt.*, 984 F.2d 1193, 1194 (Fed.Cir.1993). Credibility determinations are "virtually unreviewable" on appeal. *Hambsch v. Dep't of Treasury*, 796 F.2d 430, 436 (Fed.Cir.1986). Indeed, this court has noted that "[t]he determination of the credibility of the witnesses is within the discretion of the presiding official." *Griessenauer v. Dep't of Energy*, 754 F.2d 361, 364 (Fed.Cir.1985).

■ Mr. Colbert argues that the dismissal was based on inconsistent statements and exaggerated facts. To the contrary, the Board properly determined that two disinterested witnesses, Russtom Ghebremichael and John Simpson, provided sworn statements that they had observed Mr. Colbert striking Mr. Barlow. Furthermore, Mr. Barlow corroborated their testimony. Mr. Colbert did not offer a sworn statement contradicting these witnesses but instead merely made an unsworn assertion in his appeal form that he did not "push anyone." The Board did not credit Mr. Colbert's version of the facts. *See Hambsch*, 796 F.2d at 436. Accordingly, this court rejects Mr. Colbert's contention that the Board improperly determined the facts surrounding his dismissal. Furthermore, the Board properly determined that the penalty was reasonable.

■ Mr. Colbert also argues that he was denied due process. In particular, Mr. Colbert argues that he was denied an opportunity to rebut the Postal Service's investigative memorandum. "The essential requirements of due process ... are notice and an opportunity to respond." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). In this case, the Postal Service gave Mr. Colbert notice of the proposed dismissal and an opportunity to respond.

Mr. Colbert also argues that his dismissal violates the 1998 National Agreement, particularly claiming that his dismissal was punitive not corrective in nature. This court, however, agrees with the Postal Service that that Agreement is not relevant to the issues before the Board and this court.

This court has considered the remainder of Mr. Colbert's arguments but has found none persuasive.