**Michael DELUCA, Petitioner,**

v.

**GENERAL SERVICES ADMINISTRATION, Respondent.**

No. 03–3327.

United States Court of Appeals, Federal Circuit.

DECIDED: April 7, 2004.

Phyllis Jo Baunach, Principal Attorney, David M. Cohen, Deborah A. Bynum, of Counsel, Department of Justice, Washington, DC, for Respondent.

Michael Deluca, of Counsel, Brooklyn, NY, pro se.

Before RADER, BRYSON, and GAJARSA, Circuit Judges.

PER CURIAM.

The Merit Systems Protection Board (Board) denied Michael DeLuca's request for corrective action under the Whistleblower Protection Act. *DeLuca v. Gen. Servs. Admin.*, NY–1221–01–0169–W–3, 94

M.S.P.R. 480, 2003 WL 21953974 (MSPB Aug. 12, 2003). Because this court finds no error in the decision, this court *affirms*.

## BACKGROUND

Beginning in 1996, Mr. DeLuca was a Term Police Officer in the General Services Administration's (GSA's) Public Buildings Service, Federal Protective Service Division, Metropolitan New York City Branch. Although his term would have initially expired in 1998, GSA twice extended Mr. DeLuca's term to expire no later than September 30, 2000. While in this position, Mr. DeLuca had an incident with a co-worker, William Nimmons, which prompted Mr. DeLuca to report Mr. Nimmons to the Inspector General's office on September 18, 1999. After the investigation, GSA reassigned Mr. Nimmons to administrative duties in the office of David Olson, who served as the Branch Chief and who supervised Major Kenneth Benjamin. When Mr. Nimmons's term appointment was not renewed, he left GSA.

After that incident, GSA announced permanent positions for police officers in the Metropolitan New York City Branch. Mr. DeLuca applied for one of those positions. During June 2000, Major Benjamin and Captain Nancy Soto interviewed the applicants, approximately half of which were term employees. After each interview, Major Benjamin and Captain Soto independently assigned a rating to each applicant, with the maximum score being twenty-five. After the rating, Major Benjamin served as the selecting official and Mr. Olson served as the reviewing official. Even though Mr. DeLuca earned a score of twenty-three, he was not selected for a permanent position. Instead, GSA hired Abel Paniaqua, Bruce Washington, Diane Sampson, and Francis Robinson, who earned the respective scores of twenty-

five, twenty-five, twenty-three, and twenty-four.

Before filing his action before the Board, Mr. DeLuca filed a claim with the Office of Special Counsel (OSC) based upon whistleblowing activities, alleging that his nonselection was a reprisal for reporting the incident with Mr. Nimmons to the Inspector General's office. OSC found, based on the evidence supplied by Mr. DeLuca, no causal connection between the nonselection and the report of the incident. In particular, OSC noted that Mr. DeLuca had not been selected for a permanent position both before and after the report. Moreover, Major Benjamin approved the extension of Mr. DeLuca's term of employment after the report. Accordingly, OSC closed its file.

Mr. DeLuca then filed an individual right of action claim before the Board based on his claim of reprisal. The Board determined that Mr. DeLuca established by a preponderance of evidence that the disclosure to the Inspector General's office was a protected disclosure, because Mr. DeLuca reasonably believed that he had disclosed a violation of law, rule, or regulation. The Board further determined that the selecting official, Major Benjamin, knew about the protected disclosure. The Board also noted the short time period between the time of disclosure and the time of nonselection. Therefore, the Board determined that a reasonable person could conclude that Mr. DeLuca's disclosure was a contributing factor in the decision not to select Mr. DeLuca. Nevertheless, the Board determined that GSA had demonstrated by clear and convincing evidence that the nonselection of Mr. DeLuca would have occurred even in the absence of the protected disclosure, crediting the testimony of Captain Soto and citing the qualifications of the selected ap-

plicants. Mr. DeLuca now appeals to this court.

## DISCUSSION

■ The scope of this court's review of a Board decision is limited by statute. In particular, a Board decision must be affirmed unless determined to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Cleland v. Office of Pers. Mgmt.*, 984 F.2d 1193, 1194 (Fed.Cir.1993). Accordingly, this court will not reverse a Board decision if it is supported by "such relevant as a reasonable mind might accept as adequate to support a conclusion." *Haebe v. Dep't of Justice*, 288 F.3d 1288, 1298 (Fed.Cir. 2002). Moreover, this court may only review the record before the Board. *Rockwell v. Dep't of Treasury*, 789 F.2d 908, 913 (Fed.Cir.1986) ("Congress expressly limited our appellate review, 5 U.S.C. § 7703(c), to final orders and decisions of the board on the record."). Furthermore, credibility determinations are "virtually unreviewable" by this court. *Hambsch v. Dep't of Treasury*, 796 F.2d 430, 436 (Fed. Cir.1986). Once Mr. DeLuca establishes a prima facie case with preponderant evidence that a protected disclosure lead to an adverse personnel action, GSA may rebut that prima facie case with clear and convincing evidence that the action would have been taken even in the absence of a protected disclosure. *See* 5 U.S.C. § 1221(e); *Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1322 (Fed.Cir.1999).

Before this court, Mr. DeLuca challenges the sufficiency of the evidence before the Board, arguing that GSA did not clearly and convincingly establish that he would not have been selected for the per-

manent position even in the absence of a disclosure. In evaluating whether GSA has successfully rebutted the employee's prima facie case, this court has approved the use of three, albeit nonexclusive, factors: (1) the strength of GSA's evidence; (2) GSA's motivation to retaliate; and (3) GSA's treatment of similarly situated employees who are not whistleblowers. *See Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1372 (Fed.Cir.2001).

Substantial evidence supports the Board's determination that GSA clearly and convincingly rebutted Mr. DeLuca's prima facie case. Captain Soto, whose ratings assisted the selection process, had no reason to retaliate against Mr. DeLuca. Moreover, she testified that Mr. DeLuca was not a leading candidate and that other, more qualified candidates were also not selected. This court cannot lightly disregard Captain Soto's testimony, because the Board's credibility determination is "virtually unreviewable." *Hambsch*, 796 F.2d at 436. Furthermore, the selected applicants were qualified: Messrs. Washington, Paniagua, and Robinson each had prior experience working in the security field. Although Ms. Sampson did not bring the same experience, testimony showed a male officer could not perform certain duties, such as searches of females, that required a female officer. Mr. DeLuca presented no evidence rebutting the need for a female officer. In fact, Mr. DeLuca points to no evidence before the Board undercutting the conclusion that the protected disclosure had no effect on GSA's decision to select other candidates.

■ Mr. DeLuca also challenges the Board's procedural rulings, particularly with respect to the denials of his motions to compel discovery. This court, however, has explained: "Procedural matters relative to discovery and evidentiary matters fall within the sound discretion of the

board and its officials. This court will not overturn the Board on such matters unless an abuse of discretion is clear and is harmful." *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed.Cir.1988). The Board issued an order on July 19, 2001, stating that discovery requests should be submitted within twenty-five days of that order. Mr. DeLuca, however, submitted his requests on the 24th and 30th of August, eleven days and seventeen days beyond that twenty-five day deadline. Accordingly, this court holds that the Board did not abuse its discretion in denying the discovery requests.

This court has considered the remainder of Mr. DeLuca's arguments but finds none persuasive.