**Eddie L. SMITH, Petitioner,**

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 04–3041.

United States Court of Appeals, Federal Circuit.

DECIDED: April 8, 2004.

Matthew P. Reed, Principal Attorney, Brian M. Simkin, David M. Cohen, of Counsel, Department of Justice, Washington, DC, for Respondents.

Eddie L. Smith, of Counsel, Lawton, OK, for Petitioner.

Before NEWMAN, RADER, and DYK, Circuit Judges.

PER CURIAM.

The Merit Systems Protection Board (Board) denied Eddie L. Smith's request for compliance with a Board decision dated July 11, 2000. *Smith v. Dep't of Army*, DA–0351–99–0104–C–2, 94 M.S.P.R. 485 (MSPB Jan. 31, 2002 & Aug. 29, 2003). Because substantial evidence supports the Board's opinion, this court *affirms*.

BACKGROUND

The Department of the Army (Army) employed Mr. Smith at Fort Still, Oklahoma, as a GS–11, Logistics Management Specialist until October 30, 1998. At that time, the Army subjected Mr. Smith to a reduction-in-force (RIF) action. Mr. Smith successfully challenged that RIF, and on July 11, 2000, the Board ordered the Army to cancel the RIF action, to reassign Mr. Smith to a WG–6, Materials Handler, and to pay the correct amount of back pay and benefits. Accordingly, the Army placed Mr. Smith in the appropriate position, effective October 30, 1998, and awarded back pay for a two-year period beginning on the date of the RIF. Because of the award for back pay, he received pay at the rate of $50,202 per year as if he were still a GS–11 until October 30, 2000, at which point he began earning the rate of $39,776 per year.

Mr. Smith, however, was unable to remain a WG–6, because that position required him to lift objects weighing at least seventy pounds by himself and heavier objects with assistance. Because a physical examination revealed that Mr. Smith could not lift objects weighing over fifty pounds, the Army offered Mr. Smith a position as a GS–4, Medical Clerk, effective September 24, 2000. Mr. Smith accepted the Army's offer on September 18, 2000.

## ANALYSIS

The scope of this court's review of a Board decision is limited by statute. In particular, a Board decision must be affirmed unless determined to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Cleland v. Office of Pers. Mgmt.*, 984 F.2d 1193, 1194 (Fed.Cir.1993). Accordingly, this court will not reverse a Board decision if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Haebe v. Dep't of Justice*, 288 F.3d 1288, 1298 (Fed.Cir. 2002). Furthermore, this court may only review the record before the Board. *Rockwell v. Dep't of Transportation*, 789 F.2d 908, 913 (Fed.Cir.1986) ("Congress expressly limited our appellate review, 5 U.S.C. § 7703(c), to final orders and decisions of the board on the record.").

Mr. Smith did not direct this court's attention to any erroneous factual determinations, let alone any fact that is unsupported by substantial evidence. Mr. Smith also did not direct this court's attention to any erroneous legal determinations, let alone specific regulations or statutes that were misinterpreted or misapplied. Quite simply, Mr. Smith does not raise any issue within the scope of this court's statutorily limited review. Therefore, this court affirms.