NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3044

EDDIE L . SMITH,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

_____

DECIDED: July 11, 2005

_____

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Eddie L. Smith seeks review of the final decision of the Merit Systems Protection Board ("Board") denying Mr. Smith's petition for review of an initial decision of an administrative judge and dismissing his case for lack of jurisdiction. See Smith v. Dep't of the Army, No. DA0330010660-I-1 (M.S.P.B. Sept. 17, 2004) ("Final Decision"). We affirm.

BACKGROUND

The Army separated Mr. Smith from his position as a Logistics Management Specialist at Fort Sill, Oklahoma by a reduction in force ("RIF") on October 30, 1998. In

response, Mr. Smith did two things: (1) he appealed his RIF separation to the Board and (2) he registered with the Army's Reemployment Priority List ("RPL").

The adjudication of Mr. Smith's RIF separation resulted in the Board ordering the Army to cancel Mr. Smith's RIF separation, reassign Mr. Smith to a position effective October 30, 1998, and pay Mr. Smith back pay and benefits. See Smith v. Dep't of the Army, 86 M.S.P.R. 282, 287 (2000). On August 10, 2000, the Army, as ordered by the Board, cancelled Mr. Smith's RIF separation and retroactively reassigned him effective October 30, 1998.[1]

On August 22, 2001, Mr. Smith filed the present case in which he alleged that the Army violated his RPL rights in 1999 and 2000 when it appointed other individuals to vacant positions to which he was qualified. In an initial decision, an administrative judge found that each of the positions in question either (1) had a grade target outside the range to which Mr. Smith was entitled; (2) was outside the occupational series for which Mr. Smith could be considered; or (3) was filled after the expiration of the two-year period for RPL rights. See Smith v. Dep't of the Army, No. DA0330010660-I-1 (M.S.P.B. Dec. 31, 2001).

Mr. Smith filed a petition for review with the Board. The Board denied the petition, reopened the appeal on its own motion, vacated the initial decision, and dismissed the case for lack of jurisdiction. See Final Decision. The Board reasoned

---

[1] Mr. Smith later filed a case with the Board alleging that the Army failed to comply with the Board's order. The Board found the Army in compliance, but forwarded new claims of noncompliance first alleged on appeal to an administrative judge for further adjudication. See Smith v. Dep't of the Army, 89 M.S.P.R. 82, 83 (2001). We affirmed the rejection of the new claims. See Smith v. Dep't of the Army, 95 Fed. Appx. 340, No. 04-3041 (Fed. Cir. Apr. 8, 2004).

that Mr. Smith failed to make a nonfrivolous allegation that the agency violated his RPL rights because, pursuant to its interpretation of 5 C.F.R. § 330.203(d)(2)(ii), Mr. Smith's eligibility for RPL rights expired on October 30, 1998, the effective date Mr. Smith was reassigned. The Board noted that the positions to which Mr. Smith claimed RPL rights were filled between December 16, 1998 and August 9, 2000 and therefore after October 30, 1998. The Board did not address the fact that the Army actually reassigned Mr. Smith on August 10, 2000.

Mr. Smith petitions for review of the final decision of the Board. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our scope of review of a decision of the Board is established by statute. We review decisions of the Board to ensure they are not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000). The scope of the Board's jurisdiction is a legal question that we review de novo. Monasteri v. Merit Sys. Prot. Bd., 232 F.3d 1376, 1378 (Fed. Cir. 2000). In this regard, we have recognized that the jurisdiction of the Board is not plenary but rather is limited to actions designated for appeal to the Board under any law, rule, or regulation. Id. (citing 5 U.S.C. § 7701(a) and Martinez v. Merit Sys. Prot. Bd., 126 F.3d 1480, 1482 (Fed. Cir. 1997)).

In his informal brief, Mr. Smith does not argue that the Board wrongly dismissed his case for lack of jurisdiction or otherwise present any arguments related to the underlying merits of this case. Instead, he only presents arguments that appear to be

relevant to claims in one of his related cases. In that case, we rejected Mr. Smith's arguments and upheld the Board's decision. See Smith, 95 Fed. Appx. 340. Of course, Mr. Smith is precluded from relitigating issues and claims against the Army that we have already passed upon. See Thomas v. Gen. Servs. Admin., 794 F.2d 661, 664 (Fed. Cir. 1986). We have an independent obligation, however, to review jurisdictional determinations of the Board. Cf. Dunklebarger v. Merit Sys. Prot. Bd., 130 F.3d 1476, 1480 (Fed. Cir. 1997).

The basis for the Board's jurisdiction over reemployment priority rights cases is found at 5 C.F.R. § 330.209. This section states that "[a]n individual who believes that his or her reemployment priority rights under this subpart have been violated because of the employment of another person who otherwise could not have been appointed properly may appeal to the Merit Systems Protection Board under the provisions of the Board's regulations." According to the Army, if an individual's eligibility for placement on the RPL terminates prior to the "employment of another person," then the individual lacks standing to claim a violation of RPL rights by the employment of the other person. We agree. This case therefore turns on whether Mr. Smith was eligible for placement on the RPL at the time the Army employed the other persons.

The Army argues that the Board was correct to determine that Mr. Smith's eligibility for placement on the RPL terminated on October 30, 1998, the effective date Mr. Smith was restored to work, and not on August 10, 2000, the actual date Mr. Smith was restored to work, because of 5 C.F.R. § 330.203(d)(2). That regulation lists several situations in which "an individual is taken off the RPL before the period of eligibility expires." 5 C.F.R. § 330.203(d)(2) (2004). One of those situations is when the

individual "[r]eceives a career, career-conditional, or excepted appointment without time limit in any agency." Id. § 330.203(d)(2)(ii). Essentially, the Board interprets the regulation as taking an individual off of the RPL on the effective date of reinstatement rather than on the actual date the reinstatement is ordered. We agree with this interpretation of 5 C.F.R. § 330.203(d)(2).

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Board dismissing Mr. Smith's case for lack of jurisdiction.