# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANN MARIE VALINOTI-CARCIONE, <br> Appellant, | DOCKET NUMBER <br> PH-0831-14-0072-I-1 |
| v. | |
| OFFICE OF PERSONNEL <br> MANAGEMENT, <br> Agency. | DATE: August 28, 2014 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ann Marie Valinoti-Carcione, Manahawkin, New Jersey, pro se.

Linnette Scott, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which upheld the Office of Personnel Management's (OPM) final decision to deny her application for a survivor annuity. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The following facts are undisputed. The appellant's father, Mr. Carcioni, retired under the Civil Service Retirement System (CSRS) in 1975 and elected a maximum survivor annuity in favor of his wife. Initial Appeal File (IAF), Tab 7 at 89-92. Mr Carcioni's wife predeceased him. Petition for Review (PFR) File, Tab 4 at 2. On July 12, 2011, Mr. Carcioni and the appellant wrote OPM a letter requesting that the survivor annuity be paid to the appellant as a disabled dependent child upon Mr. Carcioni's death. IAF, Tab 7 at 89-90. OPM denied the request on the basis that the appellant is married. *Id*. at 10, 88. Mr. Carcioni passed away on June 7, 2012. *Id*. at 86. After several additional rounds of communication, *id*. at 14-35, 86-87, OPM issued a final decision denying the survivor annuity request on the same basis, *id*. at 8-9.

¶3 The appellant filed a Board appeal, and the administrative judge issued an initial decision affirming OPM's final decision. IAF, Tab 1, Tab 11, Initial Decision (ID) at 1, 4. He found that, because the appellant was married, she was not eligible for a survivor annuity under the statute and that he was not authorized to make an exception based on the equities of the case. ID at 3-4.

¶4    The appellant has filed a petition for review, arguing that Mr. Carcioni intended for his wife to look after the appellant upon his death but that Mrs. Carcioni unexpectedly predeceased him, thus frustrating his plans. PFR File, Tab 4 at 2. She also states that Mr. Carcioni's intention and understanding was that his annuity benefits would pass to the appellant based on her disabling condition. *Id*. at 3. The appellant explains that her health is deteriorating and that her private disability insurance payments are scheduled to stop in April 2014. *Id*. at 2. She states that she is being discriminated against based on her marital status. *Id*. OPM has filed a response. PFR File, Tab 6.

¶5    Although we sympathize with the appellant, we agree with the administrative judge that she is not eligible for a survivor annuity under the statute and that the Board lacks authority to make an exception for her. ID at 3-4. The right of a child to a CSRS survivor annuity based on her parent's service arises under 5 U.S.C. § 8341(e). *See Cleland v. Office of Personnel Management*, 984 F.2d 1193, 1194-95 (Fed. Cir. 1993). That section provides in relevant part as follows:

> If the employee or Member is not survived by a spouse or a former spouse who is the natural or adoptive parent of a surviving child of the employee or Member, that surviving child is entitled to an annuity . . . .

5 U.S.C. § 8341(e)(2). The key question in this case is whether the appellant is a "child" within the meaning of the statute. The term "child" is defined at 5 U.S.C. § 8341(a)(4)(A)-(C). Because the appellant is more than 22 years of age, IAF, Tab 7 at 10, she meets the definition, if at all, under 5 U.S.C. § 8341(a)(4)(B). Under that subparagraph, "child" means:

> such unmarried dependent child regardless of age who is incapable of self-support because of mental or physical disability incurred before age 18.

Thus, to meet the definition of "child" and be entitled to a survivor annuity under 5 U.S.C. § 8341(e)(2), the appellant must show, among other things, that she is unmarried. *Rajbhandary v. Office of Personnel Management*, 91 M.S.P.R. 192,

¶ 14 n.2 (2002); *see Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986) (the burden of proving entitlement to a survivor annuity is on the applicant for benefits). In this case, it is undisputed that the appellant is married. IAF, Tab 7 at 10; ID at 3. Therefore, she does not meet the definition of "child" under 5 U.S.C. § 8341(a)(4), and she is not entitled to a child's survivor annuity under 5 U.S.C. § 8341(e)(2).

¶6    On review, the appellant appears to concede that she is not eligible for an annuity under the language of the statute. PFR File, Tab 4 at 2. She appeals chiefly to the equities of the situation and the financial difficulties that she will face in the absence of the annuity. *Id*. at 2-3. Equitable considerations, however, do not empower OPM or the Board to award monetary benefits in the absence of statutory authorization. A claim for payment of money from the public treasury that is contrary to a statutory appropriation is prohibited by the Appropriations Clause of the Constitution, art. I, § 9, cl. 7, and the government cannot be estopped from denying benefits not otherwise permitted by law. *Office of Personnel Management v. Richmond*, 496 U.S. 414, 424, 434 (1990); *Devlin v. Office of Personnel Management*, 120 M.S.P.R. 78, ¶ 9 (2013).

¶7    The appellant also appears to argue that the denial of benefits is based on marital status discrimination. PFR File, Tab 4 at 2. The appellant's argument is correct as far as it goes, but it still provides no basis to disturb OPM's final decision because the statute itself provides that married individuals will be treated differently than unmarried individuals regardless of whether they otherwise meet the statutory criteria for a survivor annuity under 5 U.S.C. § 8341(e)(2).[2] 5 U.S.C. § 8341(a)(4).

---

[2] Like the administrative judge, we decline to reach the issue of whether the appellant meets the remaining criteria. ID at 3.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.