**Donald E. ILLICH, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 04–3140.

United States Court of Appeals, Federal Circuit.

DECIDED: July 13, 2004.

———

Donald E. Illich, Crestview, FL, pro se.

Jeffrey A. Gauger, Calvin M. Morrow, Merit Systems Protection Board, Washington, DC, for Respondent.

Before RADER, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

The Merit Systems Protection Board (Board) dismissed Donald E. Illich's appeal for lack of jurisdiction. *Illich v. Dep't of Air Force,* 96 M.S.P.R. 11 (MSPB2004). Because this court finds no error in the Board's initial determination that Mr. Illich is not an employee under 5 U.S.C. § 7511(a)(1)(B), this court *affirms.*

BACKGROUND

Between December 1999 and August 2000, the Defense Logistics Agency (DLA) appointed Mr. Illich in the excepted service position of Contract Administrator. Beginning on the day after leaving that agency, the Department of the Air Force appointed him in the excepted service position of Contract Specialist. Less than one year later in June 2001, the Air Force terminated him.

Mr. Illich timely appealed his termination to the Board, which dismissed the appeal for lack of jurisdiction in an initial decision dated September 21, 2001. The Board determined that Mr. Illich did not qualify as an employee under 5 U.S.C. §§ 7701 & 7511, whose provisions govern the appeal of an adverse personnel action to the Board. Specifically, Mr. Illich's service in the DLA did not count toward the current continuous service requirement because it was not with the same agency (assuming that the positions held in the two agencies were the same or similar). The initial decision became the final decision of the Board when the full Board denied Mr. Illich's petition for review. Mr. Illich then appealed to this court, and

the Board, as the respondent, filed a motion requesting that the case be remanded so that the Board could address Mr. Illich's arguments based on *Shobe v. United States Postal Service,* 5 MSPB 468, 5 M.S.P.R. 466 (1981), that an excepted service employee may include service with a separate agency in order to meet the one year of current continuous service requirement. This court granted the motion, vacating and remanding the case back to the Board.

On remand, the Board issued an order stating that the two Board members were unable to agree on the disposition of Mr. Illich's case, and that the initial decision would again become the final decision under 5 C.F.R. § 1200.3(b). In a separate opinion, Acting Chairman McPhie stated his view that 5 U.S.C. § 7511(a)(1)(B) provides appeal rights to a preference eligible in the excepted service who has completed one year of current continuous service in the same or similar positions, regardless of whether the entire year of service was performed in the same agency from which the employee was separated. The other Board member did not issue a separate opinion.

## DISCUSSION

The scope of this court's review is statutorily limited, and this court must affirm the decision of the Board, unless it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.

5 U.S.C. § 7703(c) (2000); *Cleland v. Office of Pers. Mgmt.,* 984 F.2d 1193, 1194 (Fed.Cir.1993). The Board's jurisdiction is limited to actions made appealable to it by law, rule, or regulation. *See* 5 U.S.C. § 7701(a) (2000). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which this court reviews without deference. *Forest v. Merit Sys. Prot. Bd.,* 47 F.3d 409, 410 (Fed.Cir.1995). Mr. Illich bears the burden of establishing the Board's jurisdiction by preponderant evidence. 5 C.F.R. § 1201.56(a)(2); *Clark v. United States Postal Serv.,* 989 F.2d 1164, 1167 (Fed.Cir.1993).

An individual who meets the statutory definition of "employee" is entitled to appeal his or her removal to the Board. The relevant provision states:

(a) For the purposes of this subchapter—

(1) "employee" means—

\* \* \* \* \* \*

(B) a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions—

(i) in *an Executive agency;* or

(ii) in the United States Postal Service or Postal Rate Commission[.]

5 U.S.C. § 7511 (2000) (emphasis added).

This appeal hinges on the proper interpretation of "an Executive agency." The Board has jurisdiction only if "an Executive agency" may refer to more than one agency, because Mr. Illich did not complete a year of service in the Air Force and because the DLA and Air Force are not the same Executive agency. *See Pervez v. Dep't of Navy,* 193 F.3d 1371, 1373 (Fed. Cir.1999) (holding that the Department of the Army and the Department of the Navy are not the same agency). Statutory construction begins and ends with the language of the statute itself, which governs unless there is clearly expressed legislative intent to the contrary. *See Consumer Prod. Safety Comm'n v. GTE Sylvania,*

*Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980).

The statutory provision uses the indefinite article "an," the form of "a" when used preceding a word with an initial vowel sound. When used as the indefinite article, "a" is "used as a function word before singular nouns when the referent is unspecified <a man overboard> and before number collectives and some numbers <a dozen>." *Webster's Ninth New Collegiate Dictionary* 1 (1990). Accordingly, the statutory language clearly refers to a singular Executive agency, even though that Executive agency is unspecified. *See Transamerica Ins. Co. v. South,* 125 F.3d 392, 399 (7th Cir.1997) (construing the phrase "an insured" in an insurance policy exclusion to apply to "one insured"). Indeed, section 7511(a)(1)(B) recites "positions" to refer to multiple positions, which further supports that the recitation of "an Executive agency" means only one Executive agency. Because the words of the statute are clear, this court need not refer to the legislative history.

Mr. Illich counters this statutory construction with an analogy. He argues that one would expect that a convict sentenced to serve one year in *a* prison would have to serve all of the single year in a single prison. That is, if the convict were transferred from one prison to another, the time that the convict would have served in all prisons combined would only sum to one year. Mr. Illich's hypothetical, however, has no bearing on the specific statutory construction that this court faces. The statutory language only has meaning with reference to the statute, and Mr. Illich does not point to anything in the statute that would support a reading of "an Executive agency" to mean "at least one Executive agency."

Mr. Illich also directs this court's attention to Acting Board Chairman McPhie's separate opinion. That separate opinion relies heavily on *Shobe,* which remanded the case for further determination whether the positions held in the two agencies were the same or similar. *Shobe v. United States Postal Serv.,* 5 MSPB 468, 5 M.S.P.R. 466, 471–72 (1981) (remanding the case because "the record is insufficient to establish whether the HUD position was the same as or similar to the position from which the appellant was removed by the Postal Service"). To begin with, *Shobe* did not explicitly construe "an Executive agency" as set forth in section 7511(a)(1)(B). Without discussing the issue, *Shobe* merely assumed that two agencies would satisfy the requirement that the service be "in an Executive agency." Because *Shobe* did not squarely address the operative language in this case, that case did not bind the Board. *See, e.g., Brecht v. Abrahamson,* 507 U.S. 619, 631, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (reaffirming the longstanding rule that if a prior decision does not "squarely address [an] issue," a court remains "free to address the issue on the merits" in a subsequent case).

Moreover, *Bander v. United States,* 141 Ct.Cl. 373, 158 F.Supp. 564 (1958), undercuts whatever persuasive value that the silence in *Shobe* may have. Although not addressing the statute in its current form, this court's predecessor in *Bander* explained that the service must have been both in the same agency and without any intervening interval to count towards the minimum time requirements. *Id.* at 567. Indeed, the court determined that "[t]here is certainly no indication that Congress intended to give the procedural rights of section 14 to veterans who had not proved their abilities to the employing agency either in the job for which they were hired or in the same type of work *in the same agency." Id.* (emphasis added). When Congress enacted the statute in its current

174

form, it intended the language of section 7511(a)(1)(B) to have the same meaning as the statute that the court construed in *Bander*. *See* S.Rep. No. 95–969, at 48, *reprinted in* 1978 U.S.C.C.A.N. 2723, 2770.

This court considers the remainder of Mr. Illich's arguments but finds none persuasive.

## CONCLUSION

Because "an Executive agency" under 5 U.S.C. § 7511(a)(1)(B) means a single Executive agency, this court affirms the Board's dismissal for lack of jurisdiction.