NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3420

BERNARD E. AMEND,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF JUSTICE,

Intervenor.

Bernard E. Amend, of Knoxville, Tennessee, pro se.

Calvin M. Morrow, Attorney, Office of General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent.  Of counsel was Rosalyn L. Wilcots.

Tara K. Hogan, Trial Attorney, Commercial Litigation Branch, Civil Branch, United States Department of Justice, for intervenor.  With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and William F. Ryan, Assistant Director.  Of counsel was Rachel Bouman, Office of Chief Counsel, United States Bureau of Alcohol, Tobacco, Firearms & Explosives, of Washington, DC.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3420

BERNARD E. AMEND,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF JUSTICE,

Intervenor.

_____

DECIDED:    March 8, 2007

_____

Before MICHEL, Chief Judge, ARCHER, Senior Circuit Judge, and DYK Circuit Judge.

PER CURIAM.

Bernard E. Amend ("Amend") appeals a Merit Systems Protection Board ("Board") decision in AT315H050799-I-1 dismissing his petition for lack of jurisdiction. We affirm.

BACKGROUND

From 1996 until March 1, 2003, Amend was employed as an Immigration Inspector with the Immigration and Naturalization Service ("INS"), which was part of the Department of Justice ("DOJ"). Pursuant to the Homeland Security Act of 2002, Pub. L. No. 107-296, the INS was abolished effective March 1, 2003, and its functions transferred to the Department of Homeland Security ("DHS"). Amend continued his

employment as an Immigration Inspector with Immigration and Customs Enforcement, a subdivision of DHS. On August 22, 2004, Amend was appointed to the excepted service as an Inspector for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), a subdivision of DOJ. On July 15, 2005, Amend was terminated from federal service. He appealed his termination to the Board.

Jurisdiction of the Board is granted under 5 U.S.C. § 7701(a) (2006), which provides that "[a]n employee ... may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation." Removal from employment is an appealable action where the individual is as an "employee" at the time of removal by the agency. Van Wersch v. Dep't of Health & Human Servs., 197 F.3d 1144, 1147 (Fed. Cir. 1999). The term "employee" is defined by statute under 5 U.S.C. § 7511(a)(1)(B) to include "a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions . . . in an Executive agency."

Without ruling on the merits of Amend's petition, an Administrative Judge ("AJ") ordered the parties to submit arguments and evidence on whether the Board had jurisdiction over the appeal. Although the AJ found that Amend was "preference eligible," the AJ held that Amend was not an "employee" under § 7511(a)(1)(B) because he had not been employed by "an Executive agency" for "1 year of current continuous service" before he was terminated. The AJ interpreted § 7511(a)(1)(B) to require the "1 year of current continuous service" to "take place in a single agency." Because Amend had only worked for DOJ as an ATF Inspector for eleven months before he was terminated, the AJ concluded that "the appellant did not have 1 year of current

2006-3420
2

continuous service in the Department of Justice when he was terminated." Therefore, the AJ dismissed Amend's petition for lack of jurisdiction.

Amend appealed the AJ's dismissal to the full Board. The Board affirmed the AJ's decision on different grounds. The Board noted that the AJ's decision was issued before the Board decided Greene v. Defense Intelligence Agency, 100 M.S.P.R. 447, ¶12 (2005), which held that § 7511(a)(1)(B) does not require that the continuous year of service be completed within a single agency. Thus, the Board held that to satisfy the 1 year requirement Amend's prior service at DHS may be "tacked" onto his service at DOJ. Nonetheless, the Board held that the Immigration Inspector and the ATF Inspector (officially titled "Industry Operations Investigator") positions are not "the same or similar" under § 7511(a)(1)(B). The Board reasoned that the two positions held different grades and classification series, the ATF position required top secret clearance, the ATF position required substantial additional training, and the positions required different knowledge and skills. Accordingly, the Board affirmed the dismissal for lack of jurisdiction.

A timely appeal to this Court followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2006).

## DISCUSSION

We review decisions of the Board regarding its own jurisdiction without deference. McCormick v. Dep't of Air Force, 307 F.3d 1339, 1340 (Fed. Cir. 2002). The petitioner bears the burden of establishing Board jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i); McCormick, 307 F.3d at 1340.

2006-3420

3

Section 7701(a) provides that "[a]n employee, or applicant for employment, may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation."  5 U.S.C. § 7701(a).  At issue is whether Amend is "an employee" within § 7701.  Section 7511(a)(1)(B) defines "employee" as "a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions-- (i) in an Executive agency; or (ii) in the United States Postal Service or Postal Regulatory Commission."  Because the parties agree that Amend is "preference eligible," we need only determine whether Amend has otherwise demonstrated that he is an "employee" under § 7511(a)(1)(B).

Although on appeal the Board does not address whether service in more than one agency satisfies the one year requirement, DOJ as Intervenor does dispute the Board's interpretation.  DOJ Br. 11.  We recognize that the Board's interpretation that a petitioner need not complete the "1 year of current continuous service" within a single agency is an open question.  Compare Illich v. Merit Sys. Prot. Bd., 104 Fed. App'x 171, 173 (Fed. Cir. 2004), with Greene, 100 M.S.P.R. at 451.  However, we decline to reach that issue because we agree with the Board that Immigration Inspector and ATF Inspector are not "similar positions" under § 7511(a)(1)(B).

Amend argues that when he was hired for the ATF position, which was three grade levels lower than the Immigration Inspector position, "ATF effectively eliminated any doubt as to whether or not the petitioner's prior experience as an Immigration Inspector was 'similar.'"  Pet'r Rep. Br. 2.  We disagree.  This court has explained that in "the same or similar positions" is akin to "in the same line of work."  Mathis v. U.S.

Postal Serv., 865 F.2d 232, 234 (Fed. Cir. 1988). In other words, the positions must "involve related or comparable work that requires the same or similar skills." Id. Moreover, the implementing regulations define "similar positions" to mean "positions in which the duties performed are similar in nature and character and require substantially the same or similar qualifications, so that the incumbent could be interchanged between the positions without significant training or undue interruption to the work." 5 C.F.R. § 752.402(g). We see no error in the Board's determination that the two positions are not the "same or similar."

First, the two positions require different qualifications. ATF Inspectors are expected to have knowledge of federal, state, and local alcohol, tobacco, firearm, and explosive laws and regulations. Immigration Inspectors are required to understand "U.S. immigration, customs, public health, and agriculture laws, regulations, and related precedent decisions and court injunctions." To become an ATF Inspector, applicants must complete a seven week training course. In addition to the seven week training course, once accepted as an ATF Inspector, the first two years of employment are considered an "internship" before the employee "may be non-competitively converted to a career or career-conditional position." During these two years, employees must engage in "various training and developmental programs." Moreover, the ATF position requires top secret clearance, which is not apparently required for Immigration Inspectors. Although not dispositive, the positions were also listed at different pay grades and classifications. The ATF Inspector was GS-9, Classification 1854, and the Immigration Inspector was GS-11, Classification 1816. See Coradeschi v. Dep't Homeland Sec., 439 F.3d 1329, 1334 (Fed. Cir. 2006).

2006-3420

Second, the actual work performed by an ATF Inspector is not similar to that performed by an Immigration Inspector. According to the official job description,[1] the primary task of an ATF Inspector is to determine whether people "desiring to enter business in the regulated industries [of alcohol, tobacco, firearms, and explosives] meet established legal requirements for obtaining a federal permit or license." To complete the duties, an ATF Inspector must interview people, inspect buildings, and conduct background investigations. The work environment of an ATF Inspector includes onsite investigations of explosive manufacturers, explosive storage magazines, and firearms dealers. In contrast, an Immigration Inspector "[c]onducts primary inspection or examination of all classes of applicants for admission to the United States." This includes inspecting and examining arriving persons, baggage, and merchandise for the United States Customs Service. Immigration Inspectors primarily work at seaports, airports, and land border entry points.

Finally, Amend relies on McCormick, 307 F.3d 1339, in support of his position. However, McCormick only involved § 7511(a)(1)(A), whereas this case involves § 7511(a)(1)(B). (emphasis added). As § 7511(a)(1)(A) does not contain the "same or similar position" language, McCormick does not apply here.

Accordingly, we agree with the Board that the ATF Inspector and Immigration Inspector positions are not "the same or similar" under § 7511(a)(1)(B), and therefore Amend was not an "employee" when his position was terminated.

No costs.

---

[1] Amend does not appear to argue that his actual duties differ from the official job description.

2006-3420