NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3092

TRACEY L. DAVIS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF THE NAVY,

Intervenor.

Tracey L. Davis, of Norfolk, Virginia, pro se.

Bernard E. Doyle, Attorney-Advisor, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Roger A. Hipp, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With him on the brief were Michael F. Hertz, Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3092

TRACEY L. DAVIS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF THE NAVY,

Intervenor.

Petitions for review of the Merit Systems Protection Board in DC315H080459-I-1.

---

DECIDED:  August 4, 2009

---

Before MICHEL, Chief Judge, and LOURIE and RADER, Circuit Judges.

LOURIE, Circuit Judge.

Tracey L. Davis appeals from the final decision of the Merit Systems Protection Board (the "Board") dismissing her appeal for lack of jurisdiction.  Davis v. Dep't of the Navy, 110 M.S.P.R. 306 (2008) ("Final Order"); Davis v. Dep't of the Navy, No. DC-315H-08-0459-I-1 (M.S.P.B. July 30, 2008) ("Initial Decision").  Because the Board's decision that Davis's two positions were not "in the same line of work" was unsupported by substantial evidence, we reverse.

BACKGROUND

Davis was employed by the Navy at the Naval Safety Center in Norfolk, Virginia from July 24, 2006, until March 27, 2008, when she was terminated. Initially, she had a temporary appointment as a GS-6 Statistical Assistant in the Navy's Office of the Staff Executive Director, Data Management and Analysis Department, Data Analysis Support Division, but on April 1, 2007, Davis was selected to a permanent career appointment as a YD-02 Mathematical Statistician with the Marine Corps' Information Management Directorate, Statistics and Mathematics Division. She was terminated less than a year after that permanent appointment for "misuse of the government travel card." Initial Decision, No. DC-315H-08-0459-I-1, slip op. at 2.

Davis appealed her termination to the Board. Jurisdiction of the Board is granted under 5 U.S.C. § 7701(a), which provides that "[a]n employee … may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation." Removal from employment is an appealable action where the individual is an "employee" at the time of removal by the agency. Van Wersch v. Dep't of Health & Human Servs., 197 F.3d 1144, 1147 (Fed. Cir. 1999). The term "employee" is defined by statute under 5 U.S.C. § 7511(a)(1)(A) to include "an individual in the competitive service (i) who is not serving a probationary or trial period under an initial appointment; or (ii) who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less."

Davis had not completed one year of current continuous service under her permanent appointment when she was removed, but she argued that she was not serving a probationary period and therefore qualified as an "employee." Prior service

under a temporary limited appointment "counts toward completion of probation when the prior service: (1) [i]s in the same agency, e.g., Department of the Army; (2) [i]s in the same line of work (determined by the employee's actual duties and responsibilities); and (3) [c]ontains or is followed by no more than a single break in service that does not exceed 30 calendar days." 5 C.F.R. § 315.802(b).

Without ruling on the merits of Davis's petition, the administrative judge ("AJ") ordered the parties to submit evidence and argument on whether the Board had jurisdiction over the appeal. On July 8, 2008, the AJ held a jurisdictional hearing. In an initial decision issued on July 30, 2008, the AJ dismissed Davis's appeal for lack of jurisdiction. The AJ held that Davis was a probationary employee, finding that Davis's prior service as a Statistical Assistant did not count toward completion of her probation because it was not "in the same line of work" as her service as a Mathematical Statistician. The AJ reasoned that "the positions were identified by different occupational codes and paid widely divergent annual salaries of $34,317.00 and $63,417.00, respectively." Initial Decision, No. DC-315H-08-0459-I-1, slip op. at 6. The AJ also reasoned that the official descriptions of the positions were dissimilar; the Statistical Assistant would "research and maintain unit information on Department of Defense activities, manage the unit information database, and research and maintain historical operational and administrative chain of command and unit information for Navy and Marine Corps units," while the Mathematical Statistician would work on "Marine Corps statistical interpretation, providing expert advisory and analytical services regarding data collection, trends, forecasts, and research, and conducting in depth research and analyses of mishap data." Id. (quotation marks omitted). Finally, the AJ

2009-3092

-3-

heard testimony from Davis and two of her first-line supervisors, all of whom testified that, in both jobs, Davis managed unit information, as well as analyzing data and fulfilling requests. However, according to Davis and the two supervisors, as a Statistical Assistant, Davis mostly managed unit information, while as a Mathematical Statistician, Davis mostly analyzed data and fulfilled requests. Id. at 6-7. The AJ therefore found that a preponderance of the evidence showed that Davis's two jobs "were not 'in the same line of work' because the actual duties and responsibilities of the two positions were for the most part significantly different." Id. at 7. The AJ thus found Davis to have been a probationary employee at the time of her termination.

The Board only has jurisdiction over an appeal of a probationary employee if he or she makes a nonfrivolous allegation of discrimination based on partisan political reasons or marital status. 5 C.F.R. § 315.806(b). The AJ found that "the record contain[ed] nothing to even suggest that [Davis's] probationary termination was the product of discrimination based on partisan political reasons or marital status." Initial Decision, No. DC-315H-08-0459-I-1, slip op. at 8. The AJ therefore dismissed the appeal for lack of jurisdiction.

Davis then petitioned for review of the AJ's decision by the full Board. In a decision issued on October 29, 2008, the Board denied the petition, concluding that there was no new, previously unavailable evidence and that the AJ made no error in law or regulation that affected the outcome. Thus, the AJ's initial decision became the final decision of the Board.

Davis timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

2009-3092

-4-

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). We review the Board's jurisdiction without deference. Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998). However, "we are bound by the AJ's factual determinations unless those findings are not supported by substantial evidence." Id. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." McEntee v. Merit Sys. Prot. Bd., 404 F.3d 1320, 1325 (Fed. Cir. 2005) (quotation marks omitted). Whether Davis's positions as a Statistical Assistant and a Mathematical Statistician are "in the same line of work" is a question of fact. See Mathis v. U.S. Postal Serv., 865 F.2d 232, 235 (Fed. Cir. 1988).

Davis makes several legal arguments on appeal, taking the position that she was prejudiced by the AJ's telephonic jurisdictional hearing and lack of a transcript and that the Board incorrectly held her to a higher burden of proof than was permissible. She also argues that substantial evidence does not support the Board's decision that her two jobs were not "in the same line of work."

The Board and the Navy respond that there was no prejudice to Davis from the hearing, as she did not object to the nature of the hearing and did not request a transcript. They also respond that the Board properly required Davis to prove her case

2009-3092

by a preponderance of the evidence. Finally, the Board and the Navy respond that substantial evidence supports the Board's decision, as the Board analyzed the testimony of Davis and her supervisors concerning the actual duties and responsibilities of the two positions, accounting for the fact that she performed both data collection and analysis in both positions.

We agree with Davis that substantial evidence does not support the Board's decision that Davis's two positions were not "in the same line of work." The Board's regulation states that the "same line of work" is "determined by the employee's actual duties and responsibilities." 5 C.F.R. § 315.802(b). We have explained that "the same line of work" language is akin to "similar positions." Mathis, 865 F.2d at 234. Such an analysis requires a comparison of "the nature of the work [Davis] actually performed" in each job. Id. (quotation marks omitted). Thus, for "determining completion of a probationary period, positions are in the same line of work if experience in a position demonstrates the knowledge[ ], skills, and abilities required to perform the work of the other job." Id. (quotation marks omitted). For example, in Mathis, we held that a postal service worker's jobs of special delivery messenger and distribution clerk were "similar positions" because "[t]he duties of each position involved the handling of the mail, and the skills required to perform the work were closely related." Id. at 235. "There [was] no indication that [the petitioner] was unable to perform the duties of a distribution clerk . . . , or that performance of those duties required him to undergo extensive retraining." Id. We also held that differences in the nature of the work performed were not inconsistent with their being "similar positions" because the fundamental character of the work,

2009-3092

handling the mail, was the same, even though the petitioner "did that handling in different physical locations and in different steps of the mail distribution process." Id.

Similarly, in this case, Davis performed the same basic duties in both of her positions: managing unit data, analyzing data, and fulfilling requests. As a Statistical Assistant, the Board found that Davis primarily managed the Unit Identification Code (managing unit data), accounting for 70 to 75% of her time. Initial Decision, No. DC-315H-08-0459-I-1, slip op. at 6-7. The Board found that she spent most of the remainder of her time doing "data extraction" in response to data requests (analyzing data and fulfilling requests). Id. According to the Board, she also compiled a daily summary of mishap information (managing unit data). Id.

As a Mathematical Statistician, the Board found that Davis spent either 50% or the majority of her time fulfilling requests and analyzing data. Id. The Board found that Davis spent the remainder of her time managing unit data, including doing web-based updates, compiling daily executive summaries, and managing various databases, including the Unit Identification Code. Id.

Thus, although Davis switched from spending the majority of her time managing unit data to spending the majority of her time analyzing data and fulfilling requests, she performed all three functions in each of her two positions. It is therefore clear that her position as a Mathematical Statistician did not require "extensive retraining," but instead that the two positions required the same "knowledge[ ], skills, and abilities." Mathis, 865 F.2d at 234-35. It was therefore error for the Board to find that the two positions were not "in the same line of work."

2009-3092

The Board also points to the widely divergent annual salaries and different job descriptions of the two positions to support its determination that they were not "in the same line of work." However, we do not find either of those points conclusive. As for the widely divergent annual salaries, salary is based on numerous factors, including whether a job is temporary or permanent, and we did not rely on salary as indicative of an employee's "line of work" in Mathis. See id. The job description is also not conclusive, as the Board has held that "the nature and character of the duties being performed controls over intent or job titles for determining whether two positions are in the same line of work." Aizin v. Dod, 52 M.S.P.R. 146, 150 (1991); see also Mathis, 865 F.2d at 234.

We therefore hold that the Board's finding that Davis's two positions were not "in the same line of work" was unsupported by substantial evidence. We have considered the Board's and the Navy's remaining arguments and find them unpersuasive. Accordingly, we reverse the Board's decision and remand to the Board for adjudication on the merits.

COSTS

No costs.