NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TRACEY L. DAVIS,**
*Petitioner,*

v.

**DEPARTMENT OF THE NAVY,**
*Respondent.*

---

2011-3229

---

Petition for review of the Merit Systems Protection Board in case no. DC0752100830-I-1.

---

Decided:   February 13, 2012

---

TRACEY L. DAVIS, of Norfolk, Virginia, pro se.

MICHELLE R. MILBERG, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before PROST, MAYER, and REYNA, *Circuit Judges*.

PER CURIAM.

Tracey L. Davis appeals from a final decision of the Merit Systems Protection Board ("board") affirming the decision by the United States Navy to remove her for misuse of a government credit card. *See Davis v. Dep't of the Navy*, 116 M.S.P.R. 561 (M.S.P.B. July 20, 2011). We *affirm*.

I.

In 2006, Davis received a temporary appointment in the competitive service as a statistical assistant at the Naval Safety Center in Norfolk, Virginia. On April 1, 2007, she obtained a career appointment with the Navy as a mathematical statistician. This career appointment was subject to a one-year probationary period. On March 26, 2008, the agency terminated Davis for misconduct, alleging that she had improperly used, or attempted to use, her government credit card for personal expenses unrelated to official government travel.

Davis filed an appeal challenging her dismissal, but the board dismissed her appeal for lack of jurisdiction after concluding that she was serving as a probationary employee at the time of her termination. On appeal, this court reversed. *See Davis v. Merit Sys. Prot. Bd.*, 340 F. App'x 660 (Fed. Cir. 2009). We concluded that Davis' cumulative prior federal service should be applied to her probationary period because her previous service was "in the same line of work" as her most recent position. *Id.* at 664. Since her previous federal service could be credited toward her probationary period, Davis was not serving as a probationary employee at the time of her termination. *Id.* at 663-65. Accordingly, we reversed the board's deci-

sion dismissing her appeal for lack of jurisdiction and remanded for a determination on the merits of her claim.

On remand, an administrative judge ("AJ") stated that "[a]n agency's failure to provide a tenured public employee with an opportunity to respond, either in person or in writing, to an appealable agency action that deprives her of her property right in her employment constitutes an abridgement of her constitutional right to minimum due process of law." *Davis v. Dep't of the Navy*, 2010 MSPB LEXIS 2060, at *4-5 (M.S.P.B. Apr. 15, 2010). Although the agency's termination notice had provided Davis with an explanation of the charges against her, she was never afforded an opportunity to respond to those charges. Because Davis "was not afforded her constitutional right to minimum due process" when she was terminated, the AJ ordered that she be restored to her original position and given back pay. *Id.* at *5.

The Navy subsequently restored Davis to her original position, awarded her back pay, and placed her on administrative leave. In May 2010, the Navy issued a second notice proposing Davis' removal based upon misuse of a government credit card. After granting Davis an opportunity to respond to the proposed removal, the Navy issued a final decision notice removing her from her position. Davis then appealed to the board, arguing that the Navy had discriminated against her based upon her race, sex, and age, and that she had received inadequate training on the use of her government credit card. An AJ rejected these arguments, however, concluding that Davis failed to provide factual support for her allegations of discrimination and that she knew, or should have known, that her government credit card was not for personal use. The AJ further concluded that removal was an appropriate penalty given that Davis had used, or attempted to

use, her government credit card for movie tickets, airline tickets for family members, and plastic surgery services.

The AJ's decision became the final decision of the board when the board denied Davis' petition for review. Davis thereafter appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our review of a decision of the board is limited by statute. We can only set aside a board decision if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McEntee v. Merit Sys. Prot. Bd.,* 404 F.3d 1320, 1325 (Fed. Cir. 2005) (citations and internal quotation marks omitted).

On appeal, Davis argues that she was inadequately trained on the proper use of her government credit card. She contends that she "never knew that the travel card was to be used for government travel only," and that the Navy was "unable to present any documents to substantiate that" she had been informed that she could not use the card for personal use.

The AJ, however, did not find Davis' assertion that she did not understand that her government credit card was not for personal use to be credible. As an appellate court, we cannot set aside this credibility determination unless we find it to be "inherently improbable or discredited by undisputed fact." *Bieber v. Dep't of the Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002) (citations and internal quotation marks omitted). The record shows that Davis

applied for a "standard" government credit card. Department of Defense regulations in effect at the time Davis obtained her card specifically required that such cards be issued with the words "For Official Government Travel Only." Furthermore, while the government was unable to produce a copy of the actual card issued to Davis, it did produce a copy of a card issued at approximately the same time as Davis' card and that card contained the words "For Official Government Travel Only." Under such circumstances, the AJ did not err in rejecting as not credible Davis' assertion that she failed to appreciate that her card should not be used for personal purposes.

Davis contends that her constitutional rights were violated because the board's decision sustaining her removal violates the prohibition against double jeopardy. We do not find this argument persuasive. The constitutional prohibition against double jeopardy applies in the criminal context and is inapplicable in administrative proceedings. *See Hudson v. United States*, 522 U.S. 93, 99 (1997) (explaining that the Double Jeopardy Clause of the Fifth Amendment protects against imposition of multiple criminal punishments for the same offense); *United States v. Hess,* 317 U.S. 537, 549 (1943) (emphasizing that only criminal punishments "subject the defendant to 'jeopardy' within the constitutional meaning"). Furthermore, Davis was not disciplined twice for the same misconduct. After this court reversed the board's determination that Davis was serving as a probationary employee at the time of her original termination, the Navy rescinded that termination, awarded her back pay, and restored her to her original position. The Navy thereafter issued a new notice of proposed removal and gave Davis an opportunity to respond to the charges against her before issuing its final notice removing her from her position. Because

Davis' original termination was rescinded on procedural grounds, Davis did not suffer two adverse personnel actions as a result of her improper use of a government credit card.

The AJ likewise did not err in rejecting Davis' claim that she was terminated in retaliation for having challenged her original removal by filing appeals with the board and with this court. The Navy made the decision to terminate Davis for misuse of her government credit card even before she filed any appeal. Davis, moreover, presented no credible evidence suggesting that the Navy's decision to institute a second removal action was motivated by a desire to retaliate against her for challenging her original termination.

Davis further asserts that removal was an unduly harsh penalty for her offense. In support, she argues that she paid the balance on the government credit card out of her personal funds and that her improper use of the card did not compromise her ability to do her job. The choice of a penalty for misconduct, however, "is committed to the sound discretion of the employing agency and will not be overturned unless the agency's choice of penalty is wholly unwarranted in light of all the relevant factors." *Guise v. Dep't of Justice,* 330 F.3d 1376, 1382 (Fed. Cir. 2003). Here, Davis' supervisor testified that he concluded that removal was an appropriate penalty given the seriousness of her offense and the fact that her job as a statistician required her to perform her duties in a responsible and accurate manner. He further testified that he found Davis' claim that she did not understand that her credit card was to be used only for government travel "incredible," and that her misconduct caused him to lose confidence in her ability to properly perform her job responsibilities. In light of this testimony, we cannot conclude that the Navy's decision to remove Davis was "so

harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." *Villela v. Dep't of the Air Force*, 727 F.2d 1574, 1576 (Fed. Cir. 1984) (citations and internal quotation marks omitted).

We have considered Davis' remaining arguments but do not find them persuasive. Accordingly, we affirm the board's decision sustaining Davis' removal for improper use of a government-issued credit card.