# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHARISSE L. NEWSON,
　　　　　　Appellant,

　　　　v.

DEPARTMENT OF LABOR,
　　　　　　Agency.

DOCKET NUMBER
DA-0752-13-2020-I-1

DATE: August 6, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Charisse L. Newson, Dallas, Texas, pro se.

Colleen Nabhan, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed the appeal of her termination for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the initial decision with two modifications to the jurisdictional analysis, as set forth below. First, we modify the analysis pertaining to 5 U.S.C. § 7511(a)(1)(C)(ii), still finding that the appellant does not meet the definition of an employee under this subsection. Second, we modify the jurisdictional analysis to reflect that 5 C.F.R. § 315.806(b) does not apply to the appellant. Except as expressly modified by this Final Order, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Effective August 12, 2012, the agency appointed the appellant to the excepted service position of GS-09 Auditor. Initial Appeal File (IAF), Tab 1 at 7. On August 5, 2013, the agency notified the appellant that, effective that date, she was being terminated from her position for failure to perform the duties of her position in a satisfactory manner. *Id*. at 10-12; IAF, Tab 7 at 4.

¶3 The appellant filed an appeal indicating that she was appealing a termination during a probationary or initial service period and that she was not entitled to veterans' preference. IAF, Tab 1 at 1, 3. The administrative judge issued an order to show cause, providing the appellant with her burden of proof

on jurisdiction and ordering her to file evidence and argument to show why the appeal should not be dismissed for lack of Board jurisdiction. IAF, Tab 5. After providing the parties with the opportunity to respond to the show cause order and without holding a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 9, Initial Decision (ID) at 1, 5.

¶4      The appellant filed a petition for review of the initial decision.[2] Petition for Review (PFR) File, Tab 1. On review, the appellant raises allegations of race and disability discrimination and argues the merits of her termination.[3] *Id.* at 5-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly dismissed the appeal for lack of jurisdiction.</u>

¶5      An appellant bears the burden of establishing Board jurisdiction by a preponderance of the evidence. *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 8 (2009); 5 C.F.R. § 1201.56(a)(2). As noted by the administrative judge, only an "employee," as defined under 5 U.S.C. chapter 75, subchapter II, can appeal to the Board from an adverse action. ID at 3; *see Barrand*, 112 M.S.P.R. 210, ¶ 8; *see also* 5 U.S.C. §§ 7511(a)(1), 7512(1).

¶6      As a nonpreference eligible in the excepted service, the appellant had to satisfy the definition of employee under 5 U.S.C. § 7511(a)(1)(C), which provides that "employee" means:

> an individual in the excepted service (other than a preference eligible)--
> (i)      who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or
> (ii)      who has completed 2 years of current continuous service in

---

[2] Because we are dismissing the appeal for lack of jurisdiction, we do not address the timeliness of the appellant's petition for review. *See Metzenbaum v. General Services Administration*, 96 M.S.P.R. 104, ¶ 1 n.1 (2004) (declining to address the timeliness of the appellant's petition for review where the Board dismissed the appeal for lack of jurisdiction).

[3] The agency has not filed a response.

> the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.

An appellant only needs to satisfy the requirements under (C)(i) or (C)(ii) in order to be an employee with adverse action appeal rights, not both. *Yeressian v. Department of the Army*, 112 M.S.P.R. 21, ¶ 8 (2009).

¶7        The appellant does not meet the requirements under (C)(i) because she was not serving in an initial appointment pending conversion to the competitive service at the time of her termination. IAF, Tab 1 at 7. The appellant contends that she met the requirements under (C)(ii) because she had 1 year and 10 months of prior federal service with the Federal Deposit Insurance Corporation (FDIC) as a Resolutions and Receiverships Technician. IAF, Tab 3 at 7, 11. Because the appellant did not complete 2 years of service in the Auditor position, she may establish jurisdiction under subsection (C)(ii) only if her FDIC service, from which she moved to the Auditor position without a break in service, could be tacked on to satisfy the 2-year minimum service requirement under the subsection. IAF, Tab 1 at 7, Tab 8 at 13; *see Beets v. Department of Homeland Security*, 98 M.S.P.R. 451, ¶ 7 (2005).

¶8        The administrative judge found that the appellant's prior federal service could not be tacked on because her FDIC appointment was limited to 2 years or less, and therefore could not count towards the 2-year current continuous service requirement. ID at 4. We find it unnecessary to resolve the issue of whether the appellant's prior federal service constituted a temporary appointment under (C)(ii) because the undisputed evidence of record shows that the two positions are not "the same or similar positions" and thus cannot satisfy the minimum 2 years of "current continuous service" under subsection (C)(ii).[4]

---

[4] As noted by the administrative judge, the appellant's prior appointment with the FDIC was a term appointment limited to less than 2 years. *See* IAF, Tab 3 at 7. However, it is unclear whether the appellant's FDIC appointment was a temporary appointment under (C)(ii). In *Mitchell v. Merit Systems Protection Board*, 741 F.3d 81, 84-85 (Fed. Cir. 2014), our reviewing court explained that the Office of Personnel Management

¶9 OPM's implementing regulations define "similar positions" as "positions in which the duties performed are similar in nature and character and require substantially the same or similar qualifications, so that the incumbent could be interchanged between the positions without significant training or undue interruption to the work." 5 C.F.R. § 752.402; *see Beets*, 98 M.S.P.R. 451, ¶ 10. In addition, positions may be deemed "similar" within the meaning of section 7511(a)(1) when they are in the "same line of work," which has been interpreted as involving related or comparable work that requires the same or similar knowledge, skills, and abilities. *See Mathis v. U.S. Postal Service*, 865 F.2d 232, 234 (Fed. Cir. 1988). The Board has defined "same line of work" to mean work that is so similar that the positions require the same qualifications, and the nature of the work would place them in the same competitive level for reduction-in-force purposes. *Beets*, 98 M.S.P.R. 451, ¶ 10. Positions belong in the same competitive level if they are in the same grade and classification series and are similar enough in duties, qualification requirements, pay schedules, and working conditions so that the incumbent of one could successfully perform the critical elements of the other position upon entry into it, without undue interruption. *Id*.

¶10 Here, the Auditor (GS-09, Occupational Code 0511) and Resolutions and Receiverships Technician (CG-07, Occupational Code 0303) positions are in different grades and classification series, and hence, different competitive levels. IAF, Tab 1 at 7, Tab 3 at 7-8. Although the fact that the positions would be

---

(OPM) has long distinguished between "temporary" appointments from other types of appointments such as "term" appointments. Furthermore, the court noted that "the predominant and longstanding use of the word 'temporary' in the context of federal appointments is to refer to appointments of one year or less." *Id*. at 84. To the extent that the administrative judge erred in finding that the appellant's FDIC appointment could not count towards the 2-year current continuous requirement because it was limited to 2 years or less, any such error does not provide a basis for reversal because the administrative judge ultimately was correct in finding that the appellant's prior federal service could not be tacked. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

placed in different competitive levels is not dispositive of whether the positions are similar, *see Beets*, 98 M.S.P.R. 451, ¶¶ 10-11, it still tends to show that these positions are not "similar" under section 7511(a)(1), *id*., ¶ 11. In addition, the evidence of record shows that the two positions involve significantly different duties, knowledge, and skills. A 0511 Auditor classification series position involves the following duties: examining and appraising financial records, financial and management reports, management controls, and policies and practices affecting or reflecting the financial condition and operating results of an activity; analyzing work related to developing and executing audit policies and programs; conducting performance audits; or conducting activities related to the detection of fraud, waste, and abuse. IAF, Tab 8 at 15. A 0303 Miscellaneous Clerk and Assistant classification series position, on the other hand, involves clerical, assistant, or technician duties. *Id.* at 16. In light of these significant differences, we find that the Auditor and Resolutions and Receiverships Technician positions are not sufficiently "similar" to permit tacking under section 7511(a)(1)(C)(ii). *See Amend v. Department of Justice*, 102 M.S.P.R. 614, ¶¶ 9-12 (2006) (finding that the appellant failed to establish that two positions were similar under section 7511(a)(1) where the positions did not involve related or comparable work and did not require similar knowledge and skills) *aff'd*, 221 F. App'x 983 (Fed. Cir. 2007).

¶11     The appellant also asserted below that her termination was the result of discrimination based on partisan political affiliation and that, accordingly, the Board has jurisdiction over her appeal pursuant to 5 C.F.R. § 315.806. IAF, Tab 3 at 11. The administrative judge found that, because the appellant had made no assertion regarding any political party or candidate, she failed to show that her termination was the result of discrimination based on partisan political reasons. ID at 4-5. However, the Board has found that an individual appointed in the excepted service has no regulatory right to appeal under 5 C.F.R. § 315.806 because it applies only to individuals in the competitive service. *Cf. Ramirez-*

*Evans v. Department of Veterans Affairs*, 113 M.S.P.R. 297, ¶ 10 (2010) (holding that 5 C.F.R. § 315.806 applies only to individuals in the competitive service); *Barrand*, 112 M.S.P.R. 210, ¶ 13 (same). Accordingly, 5 C.F.R. § 315.806(b) does not apply to the appellant, and she therefore cannot establish jurisdiction by proving that her termination was based on partisan political reasons or marital status.[5] *See Ramirez-Evans*, 113 M.S.P.R. 297, ¶ 10.

¶12 Based on the foregoing, we agree with the administrative judge's finding that the appellant failed to make a nonfrivolous allegation of jurisdiction over her appeal. Because the appellant failed to make a nonfrivolous allegation of jurisdiction, the administrative judge properly denied her a hearing. *See Barrand*, 112 M.S.P.R. 210, ¶ 8 (an appellant is entitled to a jurisdictional hearing only if she makes a nonfrivolous allegation of Board jurisdiction, i.e. an allegation of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue). In addition, because the appellant does not meet the meet the definition of "employee" under 5 U.S.C. § 7511, the Board lacks jurisdiction to consider her allegations of discrimination as well as the merits underlying her appeal. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

The documents the appellant submits on review do not provide a basis for review.

¶13 The appellant has submitted several documents on review as alleged new evidence. PFR File, Tab 1 at 9-16. Because these documents do not contain any evidence that would warrant an outcome different from that of the initial decision, they do not provide a basis for review. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (the Board will not grant a petition

---

[5] Because the administrative judge ultimately found that the appellant failed to raise a nonfrivolous allegation of partisan political discrimination, we find that her application of 5 C.F.R. § 315.806(b) to the appellant does not alter the outcome of the appeal and does not prejudice the rights of either party. ID at 4-5; *see Panter*, 22 M.S.P.R. at 282.

for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for

Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.