# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHAMIS HARVEY,
        Appellant,

        v.

DEPARTMENT OF HOMELAND
    SECURITY,
        Agency.

DOCKET NUMBER
DE-315H-13-0102-B-1

DATE: February 11, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joel J. Kirkpatrick, Esquire, Plymouth, Michigan, for the appellant.

John B. Barkley, Esquire, Phoenix, Arizona, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 This appeal is before the Board after remand. The appellant initially received a competitive service, career-conditional appointment to the position of Police Officer, AD-0083-07, Pentagon Force Protection Agency (PFPA). MSPB Docket No. DE-315H-13-0102-I-1, Initial Appeal File (IAF), Tab 12 at 35. After serving more than 2 years in the Police Officer position, the appellant was appointed to the position of Immigration Enforcement Agent (IEA), GL-1801-07, with Immigration and Customs Enforcement (ICE or agency), pursuant to an excepted service Veterans Recruitment Appointment. IAF, Tab 12 at 24-25, 30. The appellant entered into the position on January 15, 2012, without a break in service. The Standard Form 50 (SF-50) states that upon completion of a 2-year trial period, the appellant would be noncompetitively converted to a career-conditional or career appointment. *Id*. at 30. On December 4, 2012, the agency notified the appellant that it was terminating his appointment effective December 7, 2012. *Id.* at 30-31. The appellant then filed an appeal of the agency's action terminating him from the IEA position during his 2-year probationary period. IAF, Tab 1. On appeal, the appellant argued that the Pentagon Police Officer position and the IEA position are the same or similar and

therefore, that he had completed at least 1 year of current continuous service in the same or similar positions in an executive agency.  IAF, Tabs 1, 12, 17.

¶3    Without holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction finding that because the appellant's duties in his new position were in a substantively different field than his duties in his prior position and that the training required was significant, the two positions are not the "same or similar."  IAF, Tab 19, Initial Decision (ID) at 6-10.  Thus, the administrative judge found that the appellant failed to make a nonfrivolous allegation of Board jurisdiction.  ID at 10.  On review, the Board found that the appellant made a nonfrivolous allegation that the Police Officer and IEA positions are similar for purposes of Board jurisdiction and remanded the appeal for a jurisdictional hearing.  *See* MSPB Docket No. DE-315H-13-0102-I-1, Remand Order (April 10, 2014).

¶4    On remand, the administrative judge thoroughly considered the evidence and testimony and found that, while there were similarities in the training for both positions with overlapping courses and instructors, there were differences in the required training and that the Spanish course requirement was unique to the IEA position.  MSPB Docket No. DE-315H-13-0102-B-1 (B-1), Remand File, Tab 34, Remand Initial Decision (RID) at 6.  The administrative judge likewise found that the two trainings were not "extremely" similar or virtually the same, and that the differences between the trainings were not minor.  RID at 7.  Thus, the administrative judge found that the appellant failed to prove by preponderant evidence that his current continuous service was in the same or similar position.  RID at 12.

¶5    The regulations implementing 5 U.S.C. chapter 75, subchapter II, define "similar positions" as "positions in which the duties performed are similar in nature and character and require substantially the same or similar qualifications, so that the incumbent could be interchanged between the positions without significant training or undue interruption to the work."  5 C.F.R. § 752.402.

Positions may also be deemed "similar" if they are in the "same line of work," which has been interpreted as involving "related or comparable work that requires the same or similar skills." *Mathis v. U.S. Postal Service*, 865 F.2d 232, 234 (Fed Cir. 1988); *Martinez v. Department of Homeland Security*, 118 M.S.P.R. 154, ¶ 9 (2012). Our reviewing court has interpreted such language to mean that positions are similar "if experience in [one] position demonstrates the knowledge, skills, and abilities required to perform the work of the other job." *Coradeschi v. Department of Homeland Security*, 439 F.3d 1329, 1333 (Fed. Cir. 2006); *accord Mathis*, 865 F.2d at 234; *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 15 (2011). In conducting an analysis into whether positions are similar, the Board must focus on the employee's actual duties and the work actually performed. *Davis v. Merit Systems Protection Board*, 340 F. App'x 660, 663 (Fed. Cir. 2009); *Martinez*, 118 M.S.P.R. 154, ¶ 9; *see Coradeschi*, 439 F.3d at 1333-34; *Mathis*, 865 F.2d at 233-35.

¶6    Here, the appellant argues that, because his prior service as a Police Officer with the Pentagon Force is the same or similar as an IEA with ICE, his time should be credited towards the completion of the 1-year requirement under 5 U.S.C. § 7511(a)(1)(A) and that the administrative judge erred in finding otherwise. B-1, Remand Petition for Review (RPFR) File, Tab 1 at 18. The appellant challenges the administrative judge's findings and his application of precedent regarding the "same or similar" standard. RPFR File, Tab 1. The appellant contends that, while the administrative judge focused on the training differences between the two positions, little consideration was given to the similarities to the two positions' actual duties and the only discussion of the actual duties consisted of whether the appellant had detained suspected aliens while working at his position at the Pentagon. RPFR File, Tab 1 at 15.

¶7    We have considered the appellant's arguments on review concerning the administrative judge's weighing of the evidence, and find that the applicable law and the record evidence support the administrative judge's findings that the

appellant failed to prove that the duties of his Pentagon Police Officer position were the same or similar to those of his IEA position at ICE.  RID at 12.  Thus, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶8      In this instance, the administrative judge thoroughly considered the record evidence, as well as the hearing testimony, when he addressed the appellant's allegations that the Pentagon Police Officer and ICE IEA positions are the same or similar.  For example, the appellant argued that both positions required him to carry a firearm and make arrests and that the duties for both jobs include apprehension, processing, and detention of "either criminal suspects or illegal or criminal aliens."  The appellant also asserted that the training for both positions was "extremely similar" with courses and instructors overlapping for both trainings.  *See* RID at 4-12.  However, the administrative judge found that, regarding apprehension and detention of criminal suspects or illegal or criminal aliens, the appellant testified that as a Police Officer he had only "encounters" with foreign nationals or other individuals with immigration status at the Pentagon, and that after he "detained" an individual he would call "someone else"—presumably ICE—for further direction.  RID at 5-6.  Whereas the testimony reflected that the appellant, as an IEA for ICE, applied his expertise and ICE's enforcement mandate to advise other law enforcement officers who had "detained" suspected aliens on how to further process those detained individuals.  The administrative judge found that the differences between the job duties were more significant than the common fact that both jobs are in law enforcement and involve some possible contact with suspected aliens.  The administrative judge

also found that, while there was some similarity between the trainings, it is undisputed that the total training the appellant received at the Federal Law Enforcement Training Center (FLETC) as an IEA was at least 2 weeks longer than the training he received at FLETC as a Pentagon Police Officer. RID at 7. In addition, the appellant was then required to complete a 5-week Spanish course after completing the IEA training. The administrative judge found further that both the hearing testimony and FLETC course documentation reflect that, of the overall 14-week FLETC training course for the IEA, at least 4.5 weeks (or 180 hours) of the IEA training was unique to ICE, along with the 5-week Spanish course, which immediately followed the appellant's IEA FLETC training. The administrative judge also identified specific courses and training as examples of some of the FLETC training that was unique to the IEA position. RID at 8-9. The administrative judge concluded that, while there were some similarities in the training for the two positions, the additional 380 training hours for the IEA position was significant, and the appellant could not, and did not, take his experience as a Pentagon Police Officer and simply "hit the ground running" as an IEA. RID at 16.

¶9 To the extent the appellant argues that the administrative judge misconstrued the nature of the 180 training hours that he characterized as unique to ICE, we disagree. RPFR File, Tab 1 at 16. Specifically, the appellant contends that, while this training is not identical to the training he received for his Pentagon position, it was substantially the same. For example, he asserts that the firearm training for the Pentagon position required him to shoot at a human-sized model, whereas the ICE firearms course for the IEA position required him to shoot at a poster with a human-shaped target. *Id*. The appellant argues that, because many of the other courses taught the same skills for both positions, they were likewise substantially similar. RPFR File, Tab 1 at 16. However, the administrative judge identified several specific examples of ICE-unique courses taken by the appellant, i.e., 12 hours of nationality law,

8 hours of immigrant classification training (pertaining to aliens), 2 hours of removal charges, and 2 hours of training on the administration of the Immigration and Nationality Act. Further, the administrative judge relied on the appellant's testimony that "about two-thirds" of the training was the same or similar, which meant that about one-third of it was not, and that the appellant's attorney stated in closing arguments that he calculated 180 hours—about 4.5 weeks—of the appellant's IEA courses to be unique to ICE and the IEA position. RID at 8-9. While the appellant disagrees with the administrative judge's findings on review and argues that differences in the trainings were not "significant," he has provided no basis upon which to disturb them.

¶10        Finally, we agree with the administrative judge's conclusion that the two positions are not the same or similar. As stated above, the appellant was required to undergo extensive training for the IEA position that differed in material respects from the training he received in his Pentagon position, and while not dispositive, the appellant also was in a different classification series in the IEA position. *See Amend v. Department of Justice*, 102 M.S.P.R. 614, ¶¶ 8, 12 (2006), *aff'd*, 221 F. App'x 983 (Fed. Cir. 2007). Further, as discussed above, the appellant was required to take a 5-week Spanish course. In addition, the SF-50s for the two positions reflect that the appellant, while employed in the IEA position, was covered under the special law enforcement office retirement benefits "M" and he was not entitled to such special coverage while employed in his Pentagon position. *See* IAF, Tab 13 at 29, 57, 59. Consequently, we agree with the administrative judge that, although there are similarities between the two positions, the fundamental nature and character of the work differ for the reasons articulated in the initial decision. *See Maibaum*, 116 M.S.P.R. 234, ¶ 17. As a result, we agree with the administrative judge's ultimate determination that the appellant failed to establish that he meets the definition of "employee" under 5 U.S.C. § 7511, and so the appeal should be dismissed for lack of jurisdiction.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.